## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **GENINE FALLON** : | **Case No.:** |
| **2370 Dana Avenue, Unit 2370** : | |
| **Cincinnati, Ohio 45208** : | **Judge:** |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | |
| : | |
| **LISNR, INC.** : | |
| **1340 Clay Street** : | |
| **Cincinnati, Ohio 45202,** : | |
| : | |
| and : | |
| : | |
| **DOE DEFENDANTS 1-10** : | |
| : | |
| **Defendants.** : | |

## COMPLAINT

Plaintiff Genine Fallon brings this action against LISNR, Inc. ("LISNR") and unnamed individuals who possess an ownership interest in LISNR or otherwise exercise control over significant aspects of LISNR's day-to-day functions, including the compensation of employees ("Doe Defendants") (collectively, "Defendants") for damages and other relief relating to violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. Plaintiff states the following as her claim against Defendants:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claim stated herein under 28 U.S.C. § 1331 as this action is brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

2. Venue is proper in the United States District Court for the Southern District of Ohio, pursuant to 28 U.S.C. § 1391, because LISNR has its principal place of business in Hamilton County, Ohio and the events giving rise to Plaintiff's claim occurred in Hamilton County, Ohio.

## PARTIES

**A.  DEFENDANTS**

3. LISNR is a corporation organized and existing under the laws of the State of Delaware that pursues business in the ultrasonic data transmission industry. LISNR's principal place of business is located in Cincinnati, Ohio.

4. LISNR operates in interstate commerce by, among other things, providing products and services throughout the United States. Upon information and belief, LISNR's gross annual sales made or business done exceeds any jurisdictional requirements.

5. LISNR is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d).

6. The Doe Defendants are yet unnamed individuals who possess an ownership interest in LISNR or otherwise exercise control over significant aspects of LISNR's day-to-day functions, including the compensation of employees. These individuals also constitute "employers" under the FLSA.

**B.  PLAINTIFF**

7. Plaintiff Genine Fallon is an adult resident of the State of Ohio. She worked for LISNR as an executive assistant from approximately January 2017 to August 2019.

## FACTUAL ALLEGATIONS

8. Plaintiff worked as an executive assistant for Defendant LISNR.

9. Defendants treated Plaintiff as exempt from the requirements of the FLSA throughout her employment.

10. As a result of being classified as exempt, Plaintiff was permitted and/or required to work over 40 hours a week.

11. Plaintiff's supervisors were aware that she worked over 40 hours a week.

12. Plaintiff was not paid overtime for any hours over 40 in a week due to her classification as an exempt employee.

13. As an executive assistant, Plaintiff's primary duty was to assist LISNR's executives and otherwise ensure that their needs were met. The executives with whom Plaintiff worked dictated her role and daily job duties throughout her employment.

14. In her role, Plaintiff performed work like maintaining calendars, scheduling and rescheduling appointments, scheduling flights, coordinating speaking engagements and other events, and coordinating travel.

15. Plaintiff's primary job duties were clerical in nature. She did not exercise discretion or independent judgment with respect to matters of significance.

16. Plaintiff did not have the authority to hire, fire or promote employees.

17. The FLSA requires covered employers, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per workweek.

18. Throughout Plaintiff's employment, she was misclassified as an exempt employee.

19. Defendants did not act in good faith in failing to pay Plaintiff overtime.

20. Because Defendants' violation of the FLSA in failing to pay her overtime is

willful, they are liable for the overtime they have failed to pay during the past three years, pursuant to 29 U.S.C. § 255.

21. Upon information and belief, Defendants did not keep accurate records of regular or overtime hours worked by Plaintiff as required by 29 C.F.R. § 516.2 during the relevant limitations period.

22. Plaintiffs was deprived of overtime pay she was guaranteed by law.

## CAUSE OF ACTION

### OVERTIME VIOLATION UNDER FEDERAL LAW
### The Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*.

23. Plaintiff re-alleges and incorporates the preceding paragraphs by reference as if fully set forth herein.

24. Defendants violated the Fair Labor Standards Act and, in particular, 29 U.SC. § 207 by misclassifying Plaintiff as an exempt employee.

25. As a result of Defendants' misclassification of Plaintiff, Plaintiff has been deprived of wages and overtime for work she has performed in excess of a 40-hour work week.

26. Defendants' misclassification was willful.

27. Defendants did not act in good faith in misclassifying Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

A. Judgment against Defendants finding they misclassified Plaintiff as exempt;

B. Judgment against Defendants for unpaid back wages at the applicable overtime rate;

C. Judgment against Defendants for violating the FLSA by failing to maintain accurate time records of all the hours worked by Plaintiff;

D. A finding that Defendants' violations of the FLSA were willful;

-5-

E. An amount equal to Plaintiff's damages as liquidated damages;

F. All costs and attorneys' fees incurred prosecuting this claim;

G. An award of prejudgment interest (to the extent liquidated damages are not awarded);

H. All further relief as the Court deems just and equitable.

Dated:  February 14, 2020 Respectfully submitted,

*/s/ Theresa L. Nelson*
Theresa L. Nelson (0072521)
STRAUSS TROY CO., LPA
150 East Fourth Street, 4th Floor
Cincinnati, Ohio 45202-4018
Telephone No.:  (513) 621-2120
Facsimile No.:  (513) 629-9426
Email: tlnelson@strausstroy.com
*Attorney for Plaintiff*

13864154_1.doc